# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| TAGGET ROLAND WILLIAMS, | ) |
| Petitioner, | ) |
| v. | ) CASE NO. 1:11-cv-4306-SLB-JHE |
| WARDEN JOHN T. RATHMAN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On December 22, 2011, Tagget Roland Williams filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  At the time he filed the petition, Williams was incarcerated at the Federal Correctional Institution, in Talladega, Alabama.  In support of his petition, Williams alleged that the respondent abused his discretion and violated his due process and equal protection rights by denying him access to the Residential Drug Abuse Program ("RDAP").  As relief, Williams requested that a writ of habeas corpus be issued, "and that any and all further relief deemed just and appropriate be granted."  Doc. 1 at 11.  Because the petition was filed pursuant to § 2241, the only relief available to Williams seems to be placement in the RDAP.

Williams was released from federal custody on December 24, 2013.  Doc. 10 at 6.[1]  The respondent has filed a motion to dismiss the action as moot, since Williams has been released and is no longer in federal custody.  Doc. 10.

The petition is due to be dismissed as moot, since the petitioner is no longer incarcerated. Mootness is a question of whether there is any relief available to the petitioner that may be granted

---

[1] Williams has not notified the court of his release from custody or provided the court with his current mailing address.

by the court. The relief sought by Williams was to be placed in the RDAP program. Because Williams has served the entirety of his sentence, and been released, his petition has been rendered moot unless an exception to the mootness doctrine applies. The courts have developed two exceptions to the mootness doctrine: (1) collateral consequences, and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). The collateral consequences exception does not apply in this case because Williams does not attack the validity of his conviction, but the respondent's refusal to allow his participation in the RDAP. The exception for events "capable of repetition, yet evading review" applies when: (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Since Williams has been released from custody after serving his entire sentence, the circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief. Because there is no longer any relief that can be granted to Williams, his petition is due to be dismissed as moot.

Accordingly, the respondent's motion to dismiss as moot is due to be granted and the petition is due to be dismissed without prejudice. A separate order will be entered.

DONE this 3rd day of March, 2014.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE